# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
FEB 10 2010
WILLIAM ... RIE
Clerk
By_____ Deputy Clerk

ROBERT COTNER, )
)
Plaintiff, )
)
v. ) No. CIV 10-025-RAW-SPS
)
JUSTIN JONES, )
)
Defendant, )

## OPINION AND ORDER

Plaintiff Robert Cotner has filed a motion for the district judge to recuse and remove himself from this case, alleging that Professor Sandra Day O'Conner [sic] and Judge Burris [sic] from the *Battle* case "BOTH have stated Judge White is WRONG, that this case is NOT frivolous" [Docket #10]. He also asserts he should have been advised of any deficiencies and allowed to amend his complaint.

Plaintiff has not pointed to any act or speech by the district judge indicating bias or the appearance of impropriety. *See Mitchell v. Maynard*, 80 F.3d 1433, 1450 (10th Cir. 1996) (noting even appearance of impropriety must be avoided). If plaintiff is relying on the dismissal of his lawsuit, "adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification." *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993).

To the extent plaintiff is complaining that he should have been advised of the deficiencies in his complaint and allowed to file an amended complaint, he is not entitled to relief.

A pro se litigant's pleadings are to be construed liberally and held to a less

> stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21; *see also Estelle v. Gamble*, 429 U.S. 97 (1976); *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir.1989). We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (footnote omitted).

Plaintiff's complaint was dismissed as frivolous, because he again was attempting to litigate issues from the closed *Battle* case. The *Battle* case is not open for further litigation, so it is not possible to amend plaintiff's meritless complaint and make it viable. If plaintiff has new issues for litigation, he may file a new lawsuit raising those claims, subject to the restrictions of the Prison Litigation Reform Act of 1995.

**ACCORDINGLY,** plaintiff's motion to recuse [Docket #10] is DENIED.

**IT IS SO ORDERED** this 10th day of February 2010.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

2